ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 4 2005

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| RONALD L. OBREY, JR., | ) | CIVIL NO. 02-00033 MLR-LEK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| GORDON R. ENGLAND, ETC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS
TO DEFENDANTS' BILL OF COSTS FILED AUGUST 3, 2005**

Before the Court, pursuant to a designation by United States District Judge Manuel Real, is Plaintiff Ronald L. Obrey, Jr.'s ("Plaintiff") Objections to Defendants' Bill of Costs ("Objections"), filed on August 8, 2005. Defendant Hansford T. Johnson, in his capacity as the Acting Secretary of the Navy ("Defendant") filed a Bill of Costs ("Bill of Costs") on August 3, 2005, seeking $3,445.67 in taxable costs. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiff's Objections be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court tax costs against Plaintiff and in favor of

Defendant in the amount of $3,349.67.

## BACKGROUND

Plaintiff brought a discrimination action against his employer, the Pearl Harbor Naval Shipyard and Intermediate Maintenance Facility ("PHNS"), when he was not selected for the position of Production Resources Manager. Following a trial from August 4 to August 7, 2003, the district court entered judgment in favor of Defendant on September 3, 2003. On April 29, 2005, the Ninth Circuit Court of Appeals reversed the judgment and remanded the case for a retrial.

The second trial occurred from June 6 to June 9, 2005. During the presentation of his case on June 6, 2005, Plaintiff called Captain John Arthur Edwards, the PHNS Commander at the time of the alleged incidents. After Captain Edwards' testimony, Defendant reserved the right to call Captain Edwards as a rebuttal witness in his case in chief. [Mem. in Supp. of Bill of Costs at 2.] Although trial began on June 6, 2005 and concluded on June 9, 2005, Defendant seeks costs for Captain Edwards on June 5 and June 10, 2005. [Exh. B to Bill of Costs.]

On June 8, 2005, Dr. Gary Skoog, Ph.D., testified as Defendant's expert witness. Dr. Skoog arrived in Hawai`i on June 6, 2005 in order to be available during the trial.[1]

---

[1] Defendant argues that it was necessary to have witnesses available during the entire trial because the Court "informed the
(continued...)

Defendant seeks costs for Dr. Skoog until June 8, 2005, the day he testified. [Mem. in Supp. of Bill of Costs at 2.]

On June 9, 2005, the jury found in favor of Defendant. The district court entered final judgment on July 6, 2005. Defendant filed his Bill of Costs, totaling $3,445.67, on August 3, 2005. Plaintiff subsequently filed his Objections, claiming that Defendant inappropriately included costs for witness fees and printing fees and disbursements. Plaintiff asks the Court to disallow $2,207.54 of Defendant's costs. [Objections at 7.]

## DISCUSSION

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1); see also Local Rule LR54.2(a). A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in §

---

[1](...continued)
parties that if their respective witnesses were not ready to proceed, the party would have to close its case." [Mem. in Supp. of Bill of Costs at 2.]

1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)) (some citations omitted). Costs enumerated in § 1920 include the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Under Rule 54(d), a prevailing party is presumptively entitled to taxable costs; the losing party must show that the taxation of costs is not appropriate. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

Defendant is the prevailing party in this case and is therefore entitled to costs under § 1920. Defendant seeks taxation of the following costs:

| | | |
|---|---|---|
| Fees of the court reporter | | $711.05 |
| Fees and disbursements for printing | | $929.40 |
| Fees for witnesses | | $1,805.22 |
| 1. John Edwards | $762.48 | |
| 2. Gary Skoog | $1,042.74 | |
| Total | | $3,445.67 |

[Bill of Costs at 1; Exhs. B & C to Bill of Costs.] Plaintiff objects to the requested costs on the following grounds: 1)

4

Captain Edwards is only entitled to witness fees and expenses on the day he testified; 2) Plaintiff cannot verify Dr. Skoog's costs because Defendant did not submit original receipts; 3) Dr. Skoog's personal expenses are not taxable; 4) Defendant is not entitled to copying costs for trial exhibits not entered into evidence; and 5) Defendant is only entitled to copying costs for motions upon which Defendant prevailed. [Objections at 2-7.]

I.  **<u>Witness Fees and Expenses</u>**

The taxation of witness fees is governed by 28 U.S.C. § 1821. This section states that: "Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge . . . shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). This fee includes "an attendance fee of $40 per day for each day's attendance[,]" as well as "for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." § 1821(b). Witnesses are also entitled to "[a]ll normal travel expenses within and outside the judicial district[.]" § 1821(c)(4). A witness is entitled to a subsistence allowed when he is required to stay overnight in the judicial district because it is too far away from his residence for him to return daily. See § 1821(d)(1). The subsistence allowance may not exceed the maximum per diem allowance allowed

under 5 U.S.C. § 5702(a) for government employees' official travel to that judicial district. See § 1821(d)(2).

### A. Captain Edwards' Witness Fees and Subsistence Allowance

Plaintiff argues that Captain Edwards only functioned as a witness for one day of the four-day trial, and therefore he should not be compensated for attendance or subsistence during the three other trial days, when he merely served as the Defendant's representative, or during his pre-trial attendance.[2] [Objections at 2-3.]

#### 1. Witness or Party Representative

The general rule regarding the compensation of witnesses is that "the expenses of witnesses who are themselves parties are not taxable." Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (citations omitted). When a representative of a corporation serves as a witness, however, that individual may be compensated as a witness. See Kemart Corp. v. Printing Arts Research Labs., Inc., 232 F.2d 897, 902 (9th Cir. 1956); see also United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co., 414 F.3d 558, 574 (5th Cir. 2005) (holding that United Teacher was entitled to fees and costs associated with its corporate representative because both parties designated him as a

---

[2] Plaintiff objects to Captain Edwards' pre-trial attendance of two days. [Objections at 2.] Defendant, however, actually seeks witness fees for one pre-trial day, June 5, 2005, and one post-trial day, June 10, 2005. [Exh. B to Bill of Costs.]

witness and the only reason he did not testify was to save time at the end of trial).

In the instant case, Captain Edwards attended trial for the purpose of serving as Defendant's witness, but Plaintiff called him as a witness during the first day of trial. Defendant reserved the right to call him later if necessary but ultimately decided not to call him. Defendant should not be denied Captain Edwards's fees and subsistence allowance because Defendant made a good faith determination not to call Captain Edwards in order to save time and additional expense. This Court therefore finds that Captain Edwards may be considered a witness for the duration of the trial.

### 2.  Days of Attendance

Section 1821 allows compensation of forty dollars a day for each day's attendance, as well as "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). The United States Supreme Court has interpreted this section to mean that "witnesses are compensated under the statute for days on which they have made themselves available to testify but on which their physical presence in the courtroom is not required -- for example, where the trial is adjourned or where their testimony is only needed on a later day." Hurtado v. United

States, 410 U.S. 578, 585 (1973). The Supreme Court's interpretation illustrates the general rule that "witness and subsistence expenses are not limited to the day the witness testifies but include those days in which the witness necessarily attends trial." Linneman Constr., Inc. v. Montana-Dakota Utilities Co., 504 F.2d 1365, 1372 (8th Cir. 1974) (citations omitted).

Thus, Defendant is entitled to Captain Edwards' witness fees and subsistence allowance during the entire period of his attendance if his attendance was reasonable. Defendant claims that Captain Edwards attended trial on days he did not testify pursuant to a district court directive requiring a party to close his case if testifying witnesses were not present. [Mem. in Supp. of Bill of Costs at 2.] Defendant's decision to have Captain Edwards present despite the fact that his testimony was "only needed on a later day" was reasonable and this is the type of situation that the Supreme Court deemed compensable in Hurtado. See 410 U.S. at 585. Thus, this Court finds that Captain Edwards is entitled to witness fees and subsistence allowance during trial, i.e. from June 6 to June 9, 2005.[3]

Plaintiff also argues that Captain Edwards' pre-trial

---

[3] The Court notes that the subsistence allowance Defendant requests for Captain Edwards is within the maximum per diem rate allowed for federal employees' official travel to the Island of O`ahu.

and post-trial attendance is not compensable. Based on Defendant's submissions, it appears that June 5, 2005 and June 10, 2005 were Captain Edwards' travel days from Virginia to Hawai`i and back to Virginia, rather than days that he attended pre-trial or post-trial proceedings. [Exh. B to Bill of Costs.] Section 1821(b) expressly states that witnesses shall be paid the attendance fee for time necessarily spent traveling to and from the place of attendance. See 28 U.S.C. § 1821(b). The Court therefore finds that Captain Edwards' is entitled to witness fees on June 5 and June 10, his travel days. The Court, however, finds that Captain Edwards is not entitled to a subsistence allowance during his travel days. Section 1821(d)(1) requires the payment of a subsistence allowance "when an overnight stay is required at the place of attendance". § 1821(d)(1) (emphasis added). Defendant provided no evidence that Captain Edwards stayed overnight on the Island of O`ahu on June 5, 2005 or June 9, 2005, so he is not entitled to a subsistence allowance on June 5 or June 10. The Court recommends that the district court grant Plaintiff's Objections as to Captain Edwards' subsistence allowance on June 5 and June 10. The Court recommends that the district court deny Plaintiff's Objections as to Captain Edwards' costs in all other respects.

    2.    **Dr. Skoog's Witness Fees and Expenses**

Plaintiff objects to the witness fees for Dr. Skoog because Defendant provided a summary of the costs incurred without supplying the original receipts. Plaintiff claims that "[w]ithout the original receipts, Plaintiff has no means of verifying that the costs actually were incurred or that they have been accurately reported[.]" [Objections at 3.] Assuming such proof of costs is proper, Plaintiff also objects to certain specific costs that Dr. Skoog allegedly incurred for personal use. [Id. at 3-4.]

The Local Rules require that: "The Bill of Costs must state separately and specifically each item of taxable costs claimed. It must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." Local Rule LR54.2(c). This rule does not require Defendant to provide original receipts. Defendant provided an itemized list of the specific costs incurred by Dr. Skoog, as well as copies of receipts, itineraries, invoices, and airline ticket stubs. [Exh. C to Bill of Costs.] Defendant's counsel supported these costs in an affidavit, declaring that the costs are correctly stated. [Decl. of Edric M. Ching at 1.] This Court finds that Defendant's Bill of Costs comports with the requirements of the Local Rules.

Plaintiff also objects to certain costs that Dr. Skoog

allegedly incurred for personal use. Plaintiff claims Dr. Skoog's parking and rental car costs were for his personal use because he also has expenses for a taxi from the airport to his hotel and from his hotel to court. [Objections at 4.] Defendant, however, does not list any taxi costs for Dr. Skoog other than taxi service to and from the airport in Illinois. [Exh. C to Bill of Costs.] Insofar as rental car and parking costs are expressly listed as compensable under § 1821(b), Dr. Skoog's his rental car and parking costs in Hawai`i are compensable. The Court therefore recommends that the district court deny Plaintiff's Objections as to Dr. Skoog's witness fees and expenses.[4]

## II. Printing and Copying Costs

Plaintiff also objects to Defendant's fees and disbursements for printing and copying of trial exhibits that were not admitted into evidence and motions on which Defendant did not prevail.

A prevailing party may recover costs associated with "fees and disbursements for printing[,]" as well as "copies of papers necessarily obtained for use in the case[.]" § 1920(3), (4). This district interprets § 1920 to permit taxation of costs

---

[4] The Court notes that the total daily expenses Dr. Skoog incurred, excluding transportation expenses, are within the maximum per diem rate allowed for federal employees' official travel to the Island of O`ahu.

11

for the copies of papers "necessarily obtained for use in the case and does not require that the documents be introduced into the record." Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1128 (D. Hawai`i 1999) (citations and quotation marks omitted). The Court applies the "necessarily obtained" requirement for copying costs under § 1920(4) to printing costs under § 1920(3).[5] See id. When the Court does award costs for printing, the Local Rules limit the recovery of costs so as to exclude "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel[.]" Local Rule LR54.2(f)(4).

A.  **Trial Exhibits**

Plaintiff objects to $346.80 in printing costs for Exhibits 205-213, 216, 219-226, and 229-252 because those exhibits were not entered into evidence at trial. [Objections at 5.] As noted above, this Court allows a prevailing party to recover costs for documents that were necessarily obtained for use in trial, even though the party does not ultimately use the documents. See Yasui, 78 F. Supp. 2d at 1128. The Local Rules provide that: "The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages

---

[5] In Yasui, the court noted that: "Even though § 1920(3) allows the prevailing party to recoup printing fees, these fees are subjected to scrutiny regarding their necessity and reasonableness[.]" 78 F. Supp. 2d at 1128 (quoting In re Schwinn Bicycle Co., 210 B.R. 764, 770 (Bankr. N.D. Ill. 1997)).

copied, the cost per page, and the use of or intended purpose for the items copied." Local Rule LR54.2(f)(4).

In the instant case, Defendant's Bill of Costs does not provide any description of the challenged exhibits beyond the exhibit number, the amount of pages in the exhibit, and the price per copy. Defendant did not state the "use or intended purpose" of the exhibits as required by Local Rule 54.2(f)(4). Copying costs are generally not recoverable when there is no showing of the nature of the documents copied. See Am. Key Corp. v. Cumberland Assocs., 102 F.R.D. 496, 499 (N.D. Ga. 1984). The Court does not condone Defendant's failure to adequately describe the exhibits in his Bill of Costs. The Court, however, is able to determine the nature of the challenged exhibits by reviewing Defendant's Exhibit List. The exhibits Plaintiff challenges apparently include the resumes of other applicants for the position, notes and correspondence about the application process, and documents from other discrimination complaints against the Navy. In addition, Exhibit 249 is Dr. Skoog's curriculum vitae, Exhibit 250 is Dr. Skoog's report, and Exhibit 251 is Plaintiff's deposition transcript. The Court therefore finds that Exhibits 205-213, 216, 219-226, and 229-252 were necessarily obtained for use in the case and that Defendant's printing and copying expenses for these exhibits are taxable costs.

B.  **Trial Documents**

Plaintiff also objects to the printing costs of two of Defendant's motions in limine and one of Defendant's memoranda in opposition on the basis that Defendant did not prevail on those motions because they were either terminated by agreement of the parties or only granted in part by the district court. [Objections at 6-7.] Plaintiff's argument is misplaced. The appropriate standard for determining whether or not to grant costs is whether or not Defendant is the prevailing party in the case, not whether or not Defendant prevailed on each motion. The Court finds that Defendant's motions and memorandum in opposition were necessarily obtained for use in the case, and the printing and copying expenses for these documents are taxable costs. The Court therefore recommends that the district court deny Plaintiff's Objections as to Defendant's printing and copying costs.

The Court finds that Defendant has established his entitlement to costs as follows:

```
Fees of the court reporter                       $711.05
Fees and disbursements for printing              $929.40
Fees for witnesses                             $1,709.22
    1.  John Edwards      $666.48
    2.  Gary Skoog      $1,042.74
                                               ---------
                         Total                 $3,349.67
```

The Court recommends that the district court disallow Defendant's costs for printing and copying of trial exhibits that were not entered into evidence.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Objections to Defendants' Bill of Costs be GRANTED IN PART and DENIED IN PART and that the district court tax costs against Plaintiff in the amount of $3,349.67. This Court recommends that the district court deny Defendant's request for costs as to trial exhibits not admitted into evidence without prejudice to the filing of an amended bill of costs with proper documentation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI'I, _____12/12/05_____.

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

RONALD L. OBREY, JR. V. GORDON ENGLAND, ETC.; CIVIL NO. 02-00033 MLR-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS FILED AUGUST 3, 2005