**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 26 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD L. OBREY, JR.,<br><br>　　Plaintiff - Appellant,<br><br>　v.<br><br>GORDON R. ENGLAND, in his capacity as the Secretary of the Navy.<br><br>　　Defendant - Appellee. | No. 05-16473<br><br>D.C. No. CV-02-00033-MLR<br><br>MEMORANDUM* |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 3 2007

at 4 o'clock and 30 min P M
SUE BEITIA, CLERK

Appeal from the United States District Court
for the District of Hawaii
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 13, 2006
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

Ronald Obrey, an employee at the Pearl Harbor Naval Shipyard, appeals an unfavorable jury verdict in his Title VII employment discrimination suit. He contends that the district court made several erroneous evidentiary rulings and used an improper verdict form. We agree that the district court committed a

---

　　* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

number of errors, mostly due to its failure faithfully to apply our prior decision in this case. *See Obrey v. Johnson (Obrey I)*, 400 F.3d 691 (9th Cir. 2005). Because we are unable to conclude that these errors, taken together, were harmless, we reverse and remand for a new trial.

We review a district court's evidentiary rulings for abuse of discretion. *See, e.g., McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003). We also review a district court's formulation of jury instructions for abuse of discretion, although we consider de novo whether an instruction misstates the law. *See, e.g., Costa v. Desert Palace, Inc.*, 299 F.3d 838, 858 (9th Cir. 2002) (en banc), *aff'd*, 539 U.S. 90 (2003). Under the abuse of discretion standard, "we reverse where we have a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002) (internal quotation marks omitted).

First, we hold that the district court abused its discretion when it prevented Obrey's expert witness, James Dannemiller, from testifying about nonselections (that is, instances in which a selection process was initiated but no candidate was chosen) and about non-competitive selections (that is, instances in which only one candidate applied for and received a job) at the Shipyard. In *Obrey I*, we held that "Dannemiller's study was relevant for what it purported to analyze: the race of

managers selected at the Shipyard compared to the race of those who applied for managerial positions." *Obrey I*, 400 F.3d at 696-97. We did not suggest that the district court on remand could exclude a portion of Dannemiller's proposed testimony. In any event, it is clear that the district court's reasons for excluding this testimony went to weight rather than admissibility.

Second, we hold that the district court abused its discretion when it precluded Obrey from testifying about his reasons for bringing suit and about his relative qualifications for promotion, at least to the extent that Obrey's testimony would have been based upon personal observation and experience. This evidence was relevant under Federal Rule of Evidence 401 and was not improper lay opinion under Federal Rule of Evidence 701.

Third, we hold that the district court abused its discretion when it refused to permit live testimony from three of Obrey's witnesses—Michael Kawachi, Frank Pestana, and George Tai See. Our decision in *Obrey I* did not authorize the district court to use written submissions in lieu of live testimony. To the contrary, our statement that the jury "naturally has to determine the credibility of witness testimony" indicates that we contemplated live testimony. *Obrey I*, 400 F.3d at 698. In any event, Federal Rule of Civil Procedure 43(a), which expresses our

strong preference for oral testimony in open court, forecloses the district court's unorthodox procedure.

Fourth, we hold that the district court abused its discretion when it prevented Benjamin Toyama from testifying about budgetary issues within his knowledge and about his discussions with senior Shipyard officials on the subject of racial bias. In *Obrey I*, we held that such testimony was "plainly relevant," and we made specific reference to Toyama's proposed testimony on Shipyard budgeting. *Obrey I*, 400 F.3d at 697. It was therefore also error for the district court to prevent Obrey from cross-examining Michael Malachwiej and Robert Masumoto on these subjects.

Fifth, we hold that the district court erred by failing to use a mixed-motive jury verdict form. Here, a rational jury could have concluded that race was a motivating factor in, but not the sole cause of, the challenged employment decision. *See Costa*, 299 F.3d at 857. The jury instructions imperfectly conveyed the mixed-motive standard, and the verdict form did not convey the standard at all.

We hold that these errors, taken together, were prejudicial to Obrey. In *Obrey I*, we clarified that we "begin with a presumption of prejudice," which may be rebutted "by a showing that it is more probable than not that the jury would have reached the same verdict even if the evidence had been admitted." *Obrey I*,

400 F.3d at 701. Given that the trial would have been quite different had these significant errors not been made, we are reluctant to usurp the jury's function by concluding that the verdict would have remained unchanged. *Id.* at 701-02.

Obrey also argues that the district judge in this case is biased. The test for proving judicial bias is a demanding one, *see, e.g., Liteky v. United States*, 510 U.S. 540, 556 (1994), and it has not been met here. However, we are troubled by the district judge's apparent unwillingness to implement our decision in *Obrey I*. In order to preserve the appearance of justice, we "exercise [our] supervisory power under 28 U.S.C. § 2106 to reassign this case to a different district court judge on remand." *Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005). We therefore remand to the Chief Judge of the District of Hawaii to determine the assignment of this case. While the district court on remand must follow our holdings here and in *Obrey I*, it should otherwise begin with a clean state and is not bound by the prior district court's evidentiary rulings. In light of this disposition, we need not reach Obrey's remaining arguments.

REVERSED and REMANDED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB 20 2007

by
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
05-16473 Obrey v. England

| | |
|---|---|
| RONALD L. OBREY, JR.<br>    Plaintiff - Appellant | Clayton C. Ikei, Esq.<br>FAX 808/521-7245<br>808/533-3777<br>Suite 1203<br>[COR LD NTC ret]<br>Jerry P.S. Chang, Esq.<br>FAX 808/521-7245<br>808/533-3777<br>Suite 1203<br>[COR LD NTC ret]<br>LAW OFFICE OF CLAYTON C. IKEI<br>A Law Corporation<br>1440 Kapiolani Boulevard<br>Honolulu, HI 96814 |
|     v. | |
| GORDON R. ENGLAND, in his<br>capacity as the Secretary of<br>the Navy<br>    Defendant - Appellee | Wes R. Porter, Esq.<br>FAX 808/541-2958<br>808/541-2850<br>Ste. 6-100<br>[COR LD NTC aus]<br>Mark J. Mellett, Esq.<br>FAX<br>808/541-2850<br>Suite 6-100<br>[COR LD]<br>Edric Ching, Esq.<br>FAX<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |