IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD L. OBREY, JR., | ) CIVIL NO. 02-00033 MLR LEK |
| Plaintiff, | ) MEMORANDUM OF LAW IN SUPPORT OF ) MOTION |
| v. | ) |
| HANSFORD T. JOHNSON, in his capacity as the Acting Secretary of the Navy, | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.

### STATEMENT OF THE CASE

On April 24, 2003, the Honorable Helen Gillmor signed an order approving the stipulation of the parties that the Defendant shall have until June 17, 2003 to submit its Expert Witness Designation. See Attached Exhibit "A." On May 17, 2005, Plaintiff's counsel received a report dated May 17, 2005 by Defendant's recently designated expert. See attached Exhibit "B."

The report of the Defendant's designated expert has been disclosed almost two years after Judge Gillmor's approved deadline of June 17, 2003, and less than 90 days prior to the second trial in the above-entitled matter which was set for June 6, 2005.

On May 18, 2005, Plaintiff submitted an Ex Parte Motion to Shorten Time to Hear Plaintiff's Motion to Strike Expert Disclosure and to Exclude Defense Expert's Testimony at Trial. The matter was heard by telephone conference on June 1, 2005. CR 217. At the status conference, the trial court denied the Plaintiff's Motion to Strike Expert Disclosure and to Exclude Defense Expert's Testimony at Trial on the basis that Plaintiff's expert was excluded at the first trial, there would have been no reason to offer expert testimony in rebuttal. The trial court did not address the failure of the Defendant to timely disclose its expert prior to June 17, 2003.

Plaintiff would submit that the Defendant has by its own inaction, waived an expert witness in the forthcoming trial, has inexcusably violated the order of District Judge Gillmor, and by its late submission of its recently retained expert's report, has prejudiced the Plaintiff.

## II.

**ARGUMENT**

Rule 26(a)(2)(C) states in pertinent part:

> These disclosures shall be made at the times and in the sequence directed by the Court. In the absence of other directions from the Court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph

> (2)(B), within 30 days after the disclosure
> made by the other party. The parties shall
> supplement the disclosures when required
> under subdivision (e)(1).

It is abundantly clear that the Report of the Defendant's recently retained expert was disclosed almost 2 years after the court-ordered deadline of June 17, 2003, and less than 90 days prior to the scheduled trial. In <u>White v. Volvo Trucks of North America, Inc.</u>, 211 F.R.D. 668 (M.D. Ala. ,2002), the plaintiff had disclosed her expert witness, but had failed to disclosed his report. In granting the defendants' motion to strike the expert witness and prohibit the calling of the plaintiff's expert witness at trial, the Court stated:

> It has been the long-standing and
> consistent practice of this court to enter
> deadlines for disclosure of witnesses after
> obtaining proposals from counsel for the
> parties, and to then enforce those deadlines.
> The original deadline for disclosure of the
> identity of expert witnesses and the
> furnishing of reports was set on the date
> requested by counsel, including counsel for
> the Plaintiff. That deadline was then
> extended at Plaintiff's counsel's request,
> yet it was not met. Plaintiff's counsel has
> shown no reason that the deadline could not
> have been met with the exercise of due
> diligence, but merely argued that the
> Defendants have not been prejudiced. The
> Defendants contend strongly that they would,
> in fact, be prejudiced because the allowance
> of such late disclosure would substantially
> interfere with trial preparation. If this
> court were to allow such late disclosure
> under the facts in this case, it would be
> most difficult for the court to insist on
> compliance with deadlines set in its many
> other cases. Allowance of use of this expert

> witness in this case would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless. Thus, the integrity of scheduling orders in all cases before the court, and not just in this case, is implicated.

211 F.R.D. 668 at 669.

Likewise, in <u>Congressional Air, Ltd. v. Beech Aircraft Corporation</u>, 176 F.R.D. 513 (D. Md., 1997), the Plaintiff had delayed the filing of its expert's rebuttal report for six months, after the discovery deadline and shortly before trial. In support of its ruling to exclude the rebuttal report and exclude its contents as substantive evidence in the trial, the trial court stated:

> In light of the pending trial date, the Court does not consider certain alternatives reasonable under the circumstances. Discovery closed more than six months ago. Beech should not be required to conduct an "under-the-gun" deposition and find rebuttal expert opinions at this stage of the litigation. Beech has formulated its trial strategy over many months, and to allow a new theory of liability in the eleventh hour would result in substantial investments of additional time, labor and money. Further delay of this case is likewise unreasonable. On June 18, 1997, this matter was referred to me by the Honorable Deborah K. Chasanow for trial. On July 28, 1997, a mutually agreed upon trial date was established with tight deadlines for the filing of the Pre-Trial Order and the scheduling of the Pre-Trial Conference. The report of Beech's expert was filed and available for Congressional's expert in late March, 1997. Inexplicably, Congressional's expert did not receive this report or other materials until September, 1997. This non-disclosure is not harmless

4

> and, Congressional has not presented "substantial justification" for its failure to provide timely disclosure. With only a few weeks before the start of trial, Congressional has attempted to place upon Beech a "heavy burden of meeting the new evidence at trial with its own expert's analysis." See Finley v. Marathon Oil Co., 75 F.3d 1225 (7th Cir.1996). Under Fed.R.Civ.P. 37(c)(1), the exclusion of the evidence is mandatory.

176 F.R.D. 513 at 517.

In the instant case, it is clear that the reason for the recent disclosure of an expert's report is premised on the Defendant's tactical decision to forego an expert witness and move to exclude the Plaintiff's statistician's testimony at trial. However, the Ninth Circuit Court of Appeals has found that the exclusion by the trial court of Plaintiff's statistician was reversible error. Obrey v. Johnson, 400 F.3d 691 (9th Cir., 2005). Having made a tactical miscalculation, the Defendant now seeks to rectify its misjudgment well past the cut-off date for disclosure of expert reports to the prejudice of the Plaintiff.

For the foregoing reasons, the Plaintiff requests that this Court enforce its own rules of procedure.

DATED: Honolulu, Hawaii, January 22, 2008.

_____
CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
RONALD L. OBREY, JR.

5