EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

EDRIC M. CHING  6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: edric.ching@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD L. OBREY, JR., | ) | CIVIL NO. 02-00033 LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MEMORANDUM IN |
| | ) | OPPOSITION TO PLAINTIFF'S |
| vs. | ) | MOTION TO STRIKE EXPERT |
| | ) | DISCLOSURE OF DEFENDANT AND TO |
| DONALD C. WINTER, Secretary of | ) | EXCLUDE DEFENSE'S EXPERT'S |
| the Navy, | ) | TESTIMONY AT TRIAL; |
| | ) | DECLARATION OF EDRIC M. CHING; |
| Defendant. | ) | EXHIBITS "A"-"G"; CERTIFICATE |
| | ) | OF SERVICE |
| | ) | |
| | ) | Date:  February 22, 2008 |
| | ) | Time:  9:00 a.m. |
| | ) | Judge: Leslie E. Kobayashi |
| | ) | |
| _____ | ) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE EXPERT DISCLOSURE OF DEFENDANT AND TO EXCLUDE
<u>DEFENSE'S EXPERT'S TESTIMONY AT TRIAL</u>

    Defendant, by and through his attorneys, the United States Attorney for the District of Hawaii and Assistant United States Attorney Edric M. Ching, and hereby submits his opposition to Plaintiff's Motion To Strike Expert Disclosure of Defendant and

To Exclude Defense's Expert's Testimony At Trial filed on January 22, 2008 ("Motion").

I.   PROCEDURAL HISTORY

On April 11, 2005, the district court held a Status Conference and the Spreading of the Mandate From The Ninth Circuit Regarding A Trial.  During this conference, trial was set for June 6, 2005 and Defendant's counsel informed the district court of his intention to perform additional discovery, including deposing a witness, Benjamin Toyama and other Pearl Harbor employees and retaining a statistical expert.  See Transcript of April 11, 2005 Status Conference, a true and correct copy of which is attached hereto as Exhibit "A" at 2.  Plaintiff's counsel did not object to this request to conduct additional discovery and on April 21, 2005, the district court issued the pre-trial deadlines, including a May 16, 2005 deadline for the parties to submit its final witness list.  Id. at 2-5; Civil Docket for this matter, a true and correct copy of which is attached hereto as Exhibit "B" at entry 147.  On May 16, 2005, Defendant named Gary Skoog, Ph.D. as its statistical expert, and Dr. Skoog's report was produced to Plaintiff on May 17, 2005. See Defendant's First Amended Final Witness List, a true and correct copy of which is attached hereto as Exhibit "C" and the May 17, 2005 report of Gary R. Skoog, Ph.D., a true and correct copy of which is attached hereto as Exhibit "D".  In his report,

2

Dr. Skoog critiqued the analysis of Plaintiff's expert, James Dannemiller ("Dannemiller") but did not submit any new data, any new analysis of old data, or any conclusion that statistical analysis absolves the government of liability or proves the absence of racism.  Id.

On May 18, 2005, Plaintiff filed his Motion To Strike Expert Disclosure Of Defendant And To Exclude Defense's Expert Testimony At Trial ("Prior Motion").  See Plaintiff's Motion To Strike Expert Disclosure Of Defendant And To Exclude Defense's Expert Testimony At Trial filed on May 18, 2005, a true and correct copy of which is attached hereto as Exhibit "E".  Defendant filed his opposition to the Prior Motion on May 26, 2005.  See Defendant's Memorandum in Opposition To Plaintiff's Motion To Strike Expert Disclosure Of Defendant And To Exclude Defense Expert's Testimony At Trial, a true and correct copy of which is attached hereto as Exhibit "F".

On June 1, 2005, a Status Conference Regarding Expert Witnesses was held via telephone.  See Transcript of June 1, 2005 Status Conference, a true and correct copy of which is attached hereto as Exhibit "G".  The district court denied the Prior Motion out of fairness as Plaintiff was allowed to offer statistical evidence.  Id. at 4.  At trial, Dr. Skoog's testimony was limited to a critique of the findings of Plaintiff's counsel and did not include any new findings or conclusions.

II. **ARGUMENT**

    A. <u>Defendant Did Not Violate Any Court-Imposed Deadlines In Submitting Dr. Skoog's Report.</u>

It is a "well-settled principle that a district court has broad discretion to manage its own calendar." <u>United States v. Batiste</u>, 868 F.2d 1089, 1091, n. 4 (9th Cir. 1989).

The Ninth Circuit has applied this principle to uphold the district court's exercise of discretion to allow a party to disclose an expert witness shortly before trial. In <u>Lutz v. Glendale Union High School</u>, 403 F.3d 1061, 1071 (9th Cir. 2005), the plaintiff did not provide expert witness reports to Glendale until about a month and a half before trial. <u>Id.</u> The defendant argued that the expert reports were untimely under Fed.R.Civ.P. 26(a)(2)(C) because they were disclosed less than 90 days before trial despite the trial court finding that the expert report was timely. <u>Id.</u>

The Court held that the district court did not abuse its discretion in not excluding the expert report because the 90 day rule applies only "[i]n the absence of other directions from the court." <u>Id.</u> If the court speaks to the issue, expert witness reports must be disclosed "at the times and in the sequence" it directs. <u>Id.</u>

This case is on point with <u>Lutz</u> as Defendant followed the directives of the district court in retaining Dr. Skoog and disclosing Dr. Skoog's report.

4

Defendant also used due diligence in providing Plaintiff with Dr. Skoog's expert disclosure.  As noted above, on April 11, 2005, the district court indicated its approval of Defendant's request to retain an expert.  Defendant immediately retained an expert but the expert's analysis was hampered by an incomplete disclosure by Plaintiff's expert.  Once Dr. Skoog possessed the necessary information needed to fully evaluate Dannemiller's analysis, Dr. Skoog's expert disclosure was filed within two weeks.

Plaintiff's argument that Defendant failed to comply with Judge Gillmor's order lacks merit.  Plaintiff ignores Judge Real's decision to allow Defendant to submit an expert report in April 2005 during the initial status conference following remand which superseded Judge Gillmor's earlier order.  FRCP 26(a)(2) and case law explicitly give the court discretion to set deadlines for expert disclosures and Judge Real, within his discretion, granted leave to Defendant to present expert testimony to rebut Plaintiff's expert disclosures.

The cases cited by Plaintiff, White v. Volvo Trucks of North America, 211 F.R.D. 668 (M.D. Ala. 2002) and Congressional Air, Ltd. v. Beech Aircraft Corporation, 176 F.R.D. 513 (D.Md. 1997) are clearly distinguishable.  In both these cases, the court excluded reports that were disclosed after the court-imposed deadlines.  In this case, Defendant was granted leave to submit

Dr. Skoog's report following the April 11, 2005 status conference and the timing of the disclosure of Dr. Skoog's report did not violate any of the court imposed deadlines set by Judge Real.

Based on the absence of any violation of a court-ordered expert disclosure deadline, this Motion should be denied.

> B.  Plaintiff Has Not Been Prejudiced By The Timing Of The Disclosure Of Dr. Skoog's Report.

Contrary to Plaintiff's conclusory statement regarding prejudice, there is no evidence of prejudice sustained by Plaintiff as a result of Judge Real granting leave to Defendant to disclose Dr. Skoog's experts.

As noted above, Dr. Skoog's report did not contain any new data, any new analysis of old data, or any conclusion that statistical analysis absolves the government of liability or proves the absence of racism. Rather, Dr. Skoog's report was limited to a critique of Mr. Dannemiller's methodology (or lack thereof). Dr. Skoog demonstrated that Dannemiller's methodology was deeply flawed in a number of respects, and that his testimony was entitled to little weight.

Further, Plaintiff has had ample opportunity to depose Dr. Skoog but has failed to do so. During the several weeks prior to trial when a deposition of another witness occurred, Plaintiff chose not to depose Dr. Skoog. Also, since the remand of this matter occurred over a year ago, Plaintiff has not deposed Dr. Skoog. Plaintiff has more than six months prior to

the discovery deadline to depose Dr. Skoog and if he chooses, has time to seek leave of the court to submit a rebuttal to Dr. Skoog's opinions.

Curiously, in the Motion, Plaintiff refers to Defendant's "recent disclosure of an expert's report..." See Motion at 5. This assertion lacks merit as Plaintiff's report was produced over two and a half years ago.

Since, the timing of Dr. Skoog's report in relation to the October 2008 trial date does not affect Plaintiff's trial preparation, there is no prejudice and the Motion should be denied.

III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny the Motion.

DATED: February 4, 2008, at Honolulu, Hawaii.

                           EDWARD H. KUBO, JR.
                           United States Attorney
                           District of Hawaii

                                /s/ Edric M. Ching
                         By_____
                           EDRIC M. CHING
                           Assistant U.S. Attorney

                         Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD L. OBREY, JR., | ) | CIVIL NO. 02-00033 LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| HANSFORD T. JOHNSON, in his capacity as the Secretary of the Navy, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

Clayton C. Ikei                February 4, 2008
ccioffice@hawaii.rr.com

Jerry P.S. Chang               February 4, 2008
ccioffice@hawaii.rr.com

DATED: February 4, 2008, at Honolulu, Hawaii.

/s/ Edric M. Ching
_____