# EXHIBIT "F"

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

EDRIC M. CHING #6697
THOMAS A. HELPER #5676
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: edric.ching@usdoj.gov
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant
Secretary of the Navy

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 0 2005

____ o'clock and ____ min. ____ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD L. OBREY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> HANSFORD T. JOHNSON, in his capacity as Acting Secretary of the Navy, <br><br> Defendant. | CIVIL NO. 02-00033 MLR LEK <br><br> DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT DISCLOSURE OF DEFENDANT AND TO EXCLUDE DEFENSE EXPERT'S TESTIMONY AT TRIAL; EXHIBITS A-C; CERTIFICATE OF SERVICE <br><br> TRIAL: JUNE 6, 2005 <br> TIME:  9:00 A.M. <br> JUDGE: HON. MANUEL L. REAL |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE EXPERT DISCLOSURE OF DEFENDANT AND
TO EXCLUDE DEFENSE EXPERT'S TESTIMONY AT TRIAL

PRELIMINARY STATEMENT

Plaintiff seeks to strike the expert testimony of defendant's statistician Dr. Gary Skoog, on the grounds that the disclosure comes after the deadline set by the court. Plaintiff simply ignores the fact that on April 11, 2005, defendant sought

**EXHIBIT "F"**

and received an extension of that deadline from the court, an extension to which plaintiff did not object. Any delay in disclosing Dr. Skoog's report after the court extended the deadline is the result of plaintiff's failure to comply with the rules requiring full disclosure of his own expert's underlying data. In addition, plaintiff will not suffer any unfair prejudice from the disclosure, since Dr. Skoog's report and his expected testimony contain no new data or analyses, and are limited to a critique of plaintiff's expert's methods and conclusions.

Indeed, it would be unfair prejudice to exclude Dr. Skoog's report and testimony. The jury should hear both sides of the statistical debate, and should learn of the flaws in Dannemiller's work. Accordingly, the court should deny plaintiff's motion.

ARGUMENT

I.  THE COURT HAS DISCRETION TO SET A SCHEDULE
    GOVERNING EXPERT DISCLOSURES.

It is a "well-settled principle that a district court has broad discretion to manage its own calendar." United States v. Batiste, 868 F.2d 1089, 1091, n. 4 (9th Cir. 1989). The Ninth Circuit has quite recently applied this principle to uphold the district court's exercise of discretion to allow a party to disclose an expert witness shortly before trial.

> Lutz also did not provide expert witness reports to Glendale until about a month and a half before trial. Glendale argues that these reports were untimely under Fed.R.Civ.P. 26(a)(2)(C) because they were disclosed less than 90 days before trial. But the 90-day rule applies only "[i]n the absence of other directions from the court." Id. If the court speaks to the issue, expert witness reports must be disclosed "at the times and in the sequence" it directs. Id. The district court carefully managed the schedule for discovery and determined that Lutz's expert reports were timely; we find no abuse of discretion.

Lutz v. Glendale Union High School, 403 F.3d 1061, 1071 (9th Cir. 2005).

The cases cited by plaintiff do not contradict this principle. Rather, they affirm that the setting and adjustment of expert deadlines is a matter within the court's discretion. Accordingly, the court has the discretion to adjust the expert deadlines set in this matter.

II. THE COURT HAS EXERCISED ITS DISCRETION HERE TO ALLOW DEFENDANT TO NAME A NEW EXPERT, AND DEFENDANT HAS REASONABLY COMPLIED WITH THAT ORDER.

Here, the court has exercised its discretion to allow defendant to find and disclose an expert following the Ninth Circuit's ruling. At the April 11, 2005 status conference, after the court set a June 6, 2005 trial date, the following exchange occurred:

> Mr. Helper [government counsel]: I think that's - we would - the government is interested in doing a little bit of additional discovery based on the Ninth

3

> Circuit's decision, of taking the depositions
> of the other shipyard workers and of Mr.
> Toyama <u>and perhaps of getting a statistical
> expert as well</u>. Those are the issues
> referred to by the Ninth Circuit.
>
> THE COURT: That can be taken care of in the
> time set.

Exhibit A at 3 (emphasis added). Plaintiff did not object to either the government's request to obtain a new expert or to the court's granting of the request.

Defendant then acted promptly to disclose an expert report. That effort was hampered, however, by plaintiff's failure to disclose some of the basic information required by Rule 26(a). That Rule requires the party sponsoring the expert to disclose among other things "the data or other information considered by the witness in forming [his] opinions." Fed. R. Civ. P. (a)(2)(B).

Plaintiff's initial expert disclosure did not include Dannemiller's underlying electronic data. Accordingly, on April 25, <u>2003</u>, defendant sought the data. A copy of the letter from Special Assistant U.S. Attorney Matthew Rinka to plaintiff's counsel is attached as Exhibit B. Although plaintiff produced his paper records, he did not produce the electronic data.

Following the court's ruling allowing defendant to retain a statistician, defendant again sought the relevant electronic data. A copy of the April 21, 2005 letter from Assistant United States Attorney Edric Ching to plaintiff's counsel is attached as

4

Exhibit C. Finally, on May 6, 2005, plaintiff produced the data, attached to an e-mail to Assistant U.S. Attorney Thomas A. Helper. Helper promptly transmitted the data to defendant's expert, Dr. Gary Skoog, who produced his own responsive report within seven business days, on May 17, 2005. See Plaintiff's Exhibit B.

Accordingly, defendant acted promptly to produce Dr. Skoog's report following the court's decision to allow defendant to obtain an expert.

III. PLAINTIFF WILL SUFFER NO UNFAIR PREJUDICE FROM THE DISCLOSURE.

Significantly, Dr. Skoog's report does not contain any new data, any new analysis of old data, or any conclusion that statistical analysis absolves the government of liability or proves the absence of racism. See Plaintiff's Exhibit B. Instead, Dr. Skoog's report is limited to a critique of Mr. Dannemiller's methodology (or lack thereof). Dr. Skoog demonstrates that Dannemiller's methodology is deeply flawed in a number of respects, and that his testimony is entitled to little weight. To respond, Dannemiller need only try to defend the methods he selected and the results he reached. He need not run any new tests or analyze new data – indeed, it is too late for him to try to fix his errors. Accordingly, plaintiff will not suffer any unfair prejudice as the result of Dr. Skoog's testimony.

Indeed, unfair prejudice would result from excluding the report. Plaintiff has had ample time to review and respond to the report, and the jury should be permitted to learn that Dannemiller's methods and conclusions are deeply flawed. Accordingly, the court should deny plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the court should deny plaintiff's motion to strike Dr. Skoog's report and testimony.

DATED: May 26, 2005 at Honolulu, Hawaii.

                                EDWARD H. KUBO, JR.
                                United States Attorney
                                District of Hawaii

By /s/ Edric M. Ching
                                EDRIC M. CHING
                                THOMAS A. HELPER
                                Assistant U.S. Attorneys

Attorneys for Defendant

```
 1              IN THE UNITED STATES DISTRICT COURT FOR THE

 2                          DISTRICT OF HAWAII

 3   RONALD L. OBREY, JR.,           )   CIVIL NO. 02-00033MLR-LEK
                                     )
 4              Plaintiff,           )   Honolulu, Hawaii
                                     )   April 11, 2005
 5        vs.                        )   10:09 a.m.
                                     )
 6   HANSFORD T. JOHNSON, etc.,      )   STATUS CONFERENCE &
                                     )     SPREADING OF THE MANDATE
 7              Defendants.          )     FROM THE 9TH CCA
                                     )

 8                       TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE MANUEL L. REAL,
 9                    UNITED STATES DISTRICT JUDGE

10   APPEARANCES:

11   For the Plaintiff:          CLAYTON C. IKEI, Esq.
                                 Commerce Tower
12                               1440 Kapiolani Blvd., Ste. 1203
                                 Honolulu, Hawaii 96814
13

14

15   For the Defendants:         THOMAS HELPER, Esq.
                                 RACHEL MORIYAMA, Esq.
16                               Assistants U.S. Attorney
                                 District of Hawaii
17                               Room 6100 - PJKK Federal Bldg.
                                 300 Ala Moana Blvd.
18                               Honolulu, Hawaii 96813

19

20   Official Court Reporter:    Cynthia Tando Fazio, RMR, CRR
                                 United States District Court
21                               P.O. Box 50131
                                 Honolulu, Hawaii 96850
22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

EXHIBIT A

```
 1    MONDAY, APRIL 11, 2005                          10:05 A.M.
 2            THE CLERK:  Calling the case of Civil Number
 3    02-00033MLR-LEK, this is Ronald L. Obrey, Jr. versus Hansford
 4    T. Johnson.
 5            This hearing has been called for Status Conference and
 6    the Spreading of the Mandate from the Ninth Circuit Regarding a
 7    Trial.
 8            Counsel, your appearances for the record, please?
 9            MR. IKEI:  Clayton Ikei representing plaintiff.
10            MR. HELPER:  Morning, Your Honor.  Thomas A. Helper
11    and Rachel Moriyama for the defendant.
12            THE COURT:  All right.  The judgment of the Court of
13    Appeals be filed and spread upon the minutes of this court.
14            The matter is set for trial on June 6th -- June 6,
15    2005 at 9:00 a.m.  And I don't think we need any further
16    pretrial in this matter, do we?
17            MR. HELPER:  Your Honor, can we be heard a little bit
18    on the trial scheduling issue?
19            THE COURT:  Mm-hmm.
20            MR. HELPER:  I think that's -- we would -- the
21    government is interested in doing a little bit of additional
22    discovery, based on the Ninth Circuit's decision, of taking the
23    depositions of the other shipyard workers and of Mr. Toyama and
24    perhaps of getting a statistical expert as well.  Those are the
25    issues referred to by the Ninth Circuit.
```

1  THE COURT: That can be taken care of in the time set.
2  Any -- any more pretrial?
3  MR. IKEI: Well, I think that schedule that Your Honor
4  presents would pose a conflict in my schedule, Your Honor, and
5  I would be concerned as to whether my -- I would be prepared --
6  THE COURT: What's the problem with your schedule?
7  MR. IKEI: I have trial scheduled already in that
8  period.
9  THE COURT: How long will your trial take?
10  MR. IKEI: I'm sorry?
11  THE COURT: How long will your trial take?
12  MR. IKEI: This one?
13  THE COURT: No. The one that you say you already have
14  scheduled.
15  MR. IKEI: I would say a week to two weeks, Your
16  Honor.
17  THE COURT: What kind of a case is it?
18  MR. IKEI: It is a discrimination case, as this one
19  was.
20  THE COURT: That's only about a three-day case, isn't
21  it? Three or four-day case at most?
22  All right. We will trail your case, Mr. Ikei. But
23  that trial -- that set and you can -- I think you can get your
24  discovery --
25  MR. HELPER: Well, Your Honor, that presents another

1  problem for me is that I've got a long-scheduled vacation with
2  tickets bought for the last half of June.
3      THE COURT: Well, this is the first part of June and
4  we'll be through with the case. If not, we'll take care of
5  that matter, but I think we'll be through, so...
6      When is your -- when is your scheduled vacation?
7      MR. HELPER: I believe it's June 15th, Your Honor.
8      THE COURT: Well, we'll have this case over with by
9  the 15th.
10     MR. HELPER: Well, Mr. Ikei has a case starting the
11 6th that goes two weeks.
12     THE COURT: We can adjust those matters as they come
13 up. We don't have to --
14     MR. IKEI: I'm sorry, Your Honor, I did not intend to
15 misrepresent. I do not have a trial scheduled June 6, so it's
16 clear.
17     THE COURT: All right.
18     MR. IKEI: But I do have trial scheduled in that
19 period of May and June, the latter part of June.
20     THE COURT: All right. So June 6 will be the day.
21 All right.
22     And I don't think we need a pretrial based upon the
23 opinion of the Court of Appeals and our previous pretrials.
24 We'll just go to trial on the 6th.
25     All right. Thank you, gentlemen.

5

```
 1              THE CLERK:  Calling the case of Civil Number 02 --
 2              MR. HELPER:  Your Honor, Your Honor, if I may be
 3   heard.  I mean, I -- I don't know if there's going to be
 4   additional pretrial -- is the court not intending to have any
 5   additional pretrial filings?  I assume there will be motions.
 6              THE COURT:  You may file a trial memo, each of you,
 7   and that should take care of any problems.
 8              MR. HELPER:  I think a witness list and evidence and
 9   things --
10              THE COURT:  Oh, yes, witness lists, certainly, all
11   those matters, certainly, but not -- that has nothing to do --
12   basically do with a pretrial --
13              MR. HELPER:  Okay.  But --
14              THE COURT:  -- trial.  And witness lists should be --
15   should be filed by May 23rd.  All right.
16              MR. HELPER:  So there will be an order coming out on
17   that?
18              THE COURT:  Yes.
19              MR. HELPER:  Thank you.
20              (The proceedings concluded at 10:10 a.m., April 11,
21   2005.)
22
23
24
25
```

COURT REPORTER'S CERTIFICATE

I, CYNTHIA TANDO FAZIO, Official Court Reporter, United States District Court, District of Hawaii, Honolulu, Hawaii, do hereby certify that the foregoing pages numbered 1 through 5 is a correct transcript of the proceedings had in connection with the above-entitled matter.

DATED at Honolulu, Hawaii, May 23, 2005.

_____
CYNTHIA TANDO FAZIO, RMR, CRR





**U.S. Department of Justice**

United States Attorney
District of Hawaii

PJKK Federal Building  
300 Ala Moana Blvd., Room 6-100  
Honolulu, Hawaii 96850

(808) 541-2850  
FAX (808) 541-2958

April 25, 2003

(VIA FACSIMILE)

Mr. Jerry P.S. Chang  
1440 Kapiolani Boulevard, Suite 1203  
Honolulu, Hawaii 96814

    Re:  <u>Obrey v. England</u>, CV NO. 02-00033 HG-LEK

Dear Mr. Chang:

    This letter confirms the substance of our telephone conversation yesterday regarding the subject case.

    As we discussed, I will need to have Mr. Danemiller, your statistical expert, package up <u>all</u> data he used and/or relied on to form and arrive at the conclusions in his expert report, filed with the Court on February 20, 2003, and send that information to me along with an affidavit attesting that he has turned over all such information. I will forward that information along to our experts for their analysis and review.

    Please notify me when the information is assembled, and I will arrange for it to be picked up and copied. As trial in this matter continues to draw near, I would appreciate your expeditious processing of this request.

    If you have any questions regarding the foregoing, please do not hesitate to contact me directly to confer. I may be reached at (808) 541-2850, ext. 190. Thank you for your continued cooperation in this matter.

                                  Very truly yours,

                                  MATTHEW J. RINKA  
                             Special Assistant U.S. Attorney

EXHIBIT B



# U.S. Department of Justice

*United States Attorney*
*District of Hawaii*

---

*PJKK Federal Building*
*300 Ala Moana Blvd., Room 6-100*
*Honolulu, Hawaii 96850*

(808) 541-2850
FAX (808) 541-2958

April 21, 2005

**VIA FACSIMIILE ONLY (521-7245)**

Clayton C. Ikei, Esq.
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii  96814

      Re:   <u>Obrey v. England</u>
              Civil No. 02-00033 MLR LEK

Dear Mr. Ikei:

     I am writing to follow up on our conversation yesterday afternoon in which I requested that my office be provided with any and all data used and/or relied upon by your statistical expert, Mr. Danemiller and an affidavit from Mr. Danemiller attesting that he turned all such information to this office.  As indicated during our conversation yesterday afternoon, I intend to provide this information to our expert.

     Please note that this information was requested from your office approximately two years ago.  We have attached a copy of the April 25, 2003 correspondence from Special AUSA Matthew Rinka to Jerry Chang, Esq. of your office.  To date we have yet to receive this information.

     Please contact me when this information is available and I will arrange for this information to be picked up from your office.  As you know, trial is quickly approaching and time is of the essence with regard to this request.

EXHIBIT C

Clayton Ikei, Esq.
April 21, 2005
Page 2

      Thank you for your cooperation and courtesy in this matter. If you have any questions or require further information, please do not hesitate to contact me.

                Very truly yours,

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii

            By _____
                EDRIC M. CHING
                Assistant U.S. Attorney

Attachment
EMC:emc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD L. OBREY, JR., | ) | CIVIL NO. 02-00033 MLR LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| HANSFORD T. JOHNSON, in his capacity as Acting Secretary of the Navy, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served upon the following persons by hand delivery, on this date, as set forth below:

    Clayton C. Ikei, Esq.
    Jerry P.S. Chang, Esq.
    1440 Kapiolani Blvd., Suite 1203
    Honolulu, Hawaii 96814

    Attorneys for Plaintiff
    Ronald L. Obrey, Jr.

DATED: May 26, 2005, at Honolulu, Hawaii.

[signature]