IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| RONALD L. OBREY, JR., | ) | CIVIL NO. 02-00033 LEK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DONALD C. WINTER, Secretary of the Navy, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT DISCLOSURE OF DEFENDANT AND TO EXCLUDE DEFENSE'S EXPERT'S TESTIMONY AT TRIAL**

Before the Court is Plaintiff Ronald L. Obrey, Jr.'s ("Plaintiff") Motion to Strike Expert Disclosure of Defendant and to Exclude Defense's Expert's Testimony at Trial ("Motion"), filed on January 22, 2008. Defendant Donald C. Winter, Secretary of the Navy ("Defendant") filed his memorandum in opposition on February 4, 2008. This matter came on for hearing on February 22, 2008. Appearing on behalf of Plaintiff was Clayton Ikei, Esq., and appearing on behalf of Defendant were Edric Ching and Thomas Helper, Assistant United States Attorneys. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff brought the instant discrimination action on January 14, 2002 because he was not selected for the position of

Production Resources Manager at the Pearl Harbor Naval Shipyard and Intermediate Maintenance Facility ("the Shipyard").  After a trial from August 4 to August 7, 2003, the jury found in favor of Defendant.  On March 4, 2005, the Ninth Circuit Court of Appeals reversed the judgment and remanded the case for a retrial.  See Obrey v. Johnson, 400 F.3d 691 (9th Cir. 2005) ("Obrey I").  The second trial occurred from June 6 to June 9, 2005, and resulted in a jury verdict in favor of Defendant.  On December 26, 2006, the Ninth Circuit reversed the judgment and remanded the case for a new trial.  See Obrey v. England, No. 05-16473, 2006 WL 3825350, at *2 (9th Cir. Dec. 26, 2006) ("Obrey II").  The parties consented to proceed before a United States Magistrate Judge and the case was reassigned to this Court.  Trial is currently set for October 7, 2008.

       In the instant Motion, Plaintiff states that, before the original trial, the parties stipulated that Defendant's expert disclosures were due on June 17, 2003.  On May 17, 2005, however, prior to the second trial, Defendant served an expert report from Gary R. Skoog, Ph.D., a recently designated expert.  Plaintiff moved to strike Dr. Skoog's report and prohibit his testimony at trial, but the district judge denied the motion.

       Plaintiff now argues that this Court should strike Dr. Skoog's report and exclude his testimony at the upcoming trial  Defendant's disclosure was untimely.  Plaintiff claims

that, during the first trial, Defendant made a tactical decision to move to exclude Plaintiff's statistician instead of identifying his own expert witness.  Although the district judge excluded Plaintiff's statistical evidence, the Ninth Circuit held that this was reversible error.  Plaintiff argues that Defendant cannot rectify his tactical error with an untimely expert disclosure.

In his memorandum in opposition, Defendant states that, on April 11, 2005, after the Obrey I remand, the district judge held a Status Conference and the Spreading of the Mandate from the Ninth Circuit Regarding a Trial ("April 11, 2005 Conference").  Defendant argues that, at the April 11, 2005 Conference, the district judge allowed the defense to retain a statistical expert.  Defendant states that Dr. Skoog's report critiqued the analysis provided by Plaintiff's expert, James Dannemiller, but did not include any new data, new analysis, or any conclusions about liability or the absence of racism.  During the second trial, Dr. Skoog's testimony was limited to the critique of Mr. Dannemiller's findings.

Defendant argues that the district judge had the discretion to allow Defendant to disclose an expert shortly before the June 6, 1005 trial.  Defendant also argues that he was diligent in disclosing Dr. Skoog's report.  After the district judge approved Defendant's retention of an expert, Defendant

3

immediately retained Dr. Skoog.  Dr. Skoog's analysis was hampered by an incomplete disclosure by Plaintiff's expert.  Once Dr. Skoog obtained all of the necessary information, Defendant disclosed his report within two weeks.

Finally, Defendant argue that Plaintiff was not prejudiced by the district judge's decision to allow Defendant to disclose Dr. Skoog's report.  Dr. Skoog only rebutted Mr. Dannemiller's report and did not present any new data, analysis, or conclusions.  Further, Plaintiff has had ample opportunity to depose Dr. Skoog, both prior to the second trial and after the <u>Obrey II</u> remand, but chose not to.  Plaintiff also has almost six more months before the August 8, 2008 discovery deadline to depose Dr. Skoog.  Defendant argues that there is no prejudice because the timing of Dr. Skoog's report does not affect Plaintiff's preparation for the upcoming trial.

## **DISCUSSION**

Plaintiff now argues that Defendant waived the right to disclose a statistical expert because he did not do so prior to the stipulated June 17, 2003 deadline.  Dr. Skoog, however, is a rebuttal expert.  Insofar as the district court excluded Plaintiff's statistical evidence regarding the hiring practices at the Shipyard, including Mr. Dannemiller's report and opinion, from the first trial, this Court cannot find that Defendant's failure to designate an expert witness before the June 17, 2003

4

deadline waived the right to disclose an expert to rebut Mr. Dannemiller's report and opinion.

In Obrey I, the Ninth Circuit held that the district judge abused his discretion in excluding Plaintiff's statistical evidence.  See 400 F.3d at 697.  During the April 11, 2005 Conference, Defendant's counsel informed the district judge that, in light of the Ninth Circuit's ruling, Defendant wanted to retain a statistical expert.  [Exh. A to Mem. in Opp. (transcript of 4/11/05 proceedings) at 2.]  The district judge responded: "That can be taken care of in the time set."  [Id. at 3.] Defendant argues that the district judge's statement constitutes an oral order allowing Defendant to disclose a rebuttal statistical expert within the established trial schedule, which required the parties to disclose their final witness lists by May 23, 2005.  Although the district judge's statement was not a model of clarity, the Court agrees with Defendant.

On May 18, 2005, Plaintiff filed a Motion to Strike Expert Disclosure of Defendant and to Exclude Defense's Expert Testimony at Trial ("Prior Motion").  On June 1, 2005, the district judge addressed the Prior Motion during a status conference.  In response to Plaintiff's argument that the disclosure of Dr. Skoog's report was untimely, the district judge asked "wasn't the discovery date extended?"  [Exh. G to Mem. in Opp. (transcript of 6/1/05 proceedings) at 3.]  Plaintiff

disputed whether the district had extended the discovery deadline, but the district judge ultimately denied the Prior Motion stating "I believe it's fair, if the plaintiff is going to offer statistical evidence, that the defendant should also be able to do that." [Id. at 4.]  The district judge did not address the timeliness of Defendant's disclosure.  In the context of the entire record, this Court finds that the district judge's statements during the April 11, 2005 Conference constituted an oral order allowing Defendant to designate a rebuttal expert statistician.

      Plaintiff now argues that the district judge's ruling was in error because it allowed Defendant to designate his expert less than ninety days prior to the second trial.  At the time of the second trial, Federal Rule of Civil Procedure 26(a)(2)(C) required that expert witness disclosures

> be made at the times at the times and in the sequence directed by the court.  In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date . . . or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Fed. R. Civ. P. 26(a)(2)(C) (2005).  Thus, expert disclosures could be made less than ninety days before trial pursuant to a court order.  The rule also requires that rebuttal expert disclosures be made within thirty days of the opposing party's

disclosure.  This Court, however, cannot consider the date of Plaintiff's disclosure of Mr. Dannemiller prior to the first trial.  After the <u>Obrey I</u> remand, the district judge ruled that Defendant could disclose a rebuttal expert statistician according to the trial schedule, which required the filing of the parties' final witness lists by May 23, 2005.  Defendant filed its final witness list on May 16, 2005 and disclosed Dr. Skoog's report to Plaintiff on May 17, 2005.  This Court therefore finds that Defendant timely disclosed Dr. Skoog's report as a rebuttal expert witness and that Dr. Skoog may therefore testify at the upcoming trial.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Strike Expert Disclosure of Defendant and to Exclude Defense's Expert's Testimony at Trial, filed on January 22, 2008, is HEREBY DENIED.  The Court emphasizes, however, that Dr. Skoog's testimony is limited to that which is contained in his report.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 4, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RONALD L. OBREY, JR. V. DONALD C. WINTER, ETC; CV 02-00033 LEK; ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT DISCLOSURE OF DEFENDANT AND TO EXCLUDE DEFENSE'S EXPERT'S TESTIMONY AT TRIAL**