ORIGINAL

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
AUG 26 2008
at 2 o'clock and 10 min P.M.
SUE BEITIA, CLERK

CLAYTON C. IKEI
Attorney at Law
A Law Corporation

CLAYTON C. IKEI 1260
JERRY P.S. CHANG 6671
1440 Kapiolani Boulevard, Suite 1203
Honolulu, Hawaii 96814
Telephone No. (808) 533-3777
Facsimile No. (808) 521-7245
Email: CCIOffice@hawaii.rr.com

Attorneys for Plaintiff
RONALD L. OBREY, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD L. OBREY, JR., Plaintiff, v. GORDON R. ENGLAND, in his capacity as the Secretary of the Navy, Defendant. | CIVIL NO. 02-00033 LEK<br>PLAINTIFF'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br>DATE: September 2, 2008<br>TIME: 9:00 a.m.<br>JUDGE: Leslie E. Kobayashi<br>Trial Date: October 7, 2008 |

**PLAINTIFF'S FINAL PRETRIAL STATEMENT**

Plaintiff Ronald L. Obrey, Jr., by and through his counsel, hereby submits his Final Pretrial Statement pursuant to Local Rule 16.6.

**A. Party**

Plaintiff is a resident of the State of Hawaii, and is employed as a Project Superintendent, GM-1601-14, Operations Department, Code 300, Pearl Harbor Naval Shipyard and

Intermediate Maintenance Facility, Pearl Harbor, Hawaii ("Shipyard," "PHNSY & IMF," or "Agency").

**B. Jurisdiction and Venue**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-16(c).

Venue is proper in this Court pursuant to 28 U.S.C. § 1603(e) and 42 U.S.C. § 2000e-5(f)(3) in that the actions complained of herein took place in the State of Hawaii.

**C. Substance of Action**

This action seeks declaratory, injunctive and monetary relief against the named Defendant for unlawful discrimination based upon Plaintiff's race, national origin, and reprisal for prior equal employment opportunity ("EEO") activities, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, et seq., and unlawful discrimination based upon age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633(a), et seq.

**D. Undisputed Facts**

Plaintiff has been employed with the Agency as a Project Superintendent, GM-14 during the relevant time period.

Plaintiff further believes the facts that he applied for and was not selected for the Shipyard Production Superintendent, GS-1601-14 position and Production Resources Manger, GS-1601-15

positions, and that Plaintiff engaged in the EEO process in regards to his non-selection are not in dispute.

**E. Disputed Factual Issues**

Plaintiff believes that all factual allegations are in dispute, including the basis for selection of the individuals in these and other management level positions at the Agency remains in dispute.

In addition, the basis for the Agency relieving him of his Surface SRA Program Manager duties are in dispute.

**F. Relief Prayed**

As noted in his Second Amended Complaint, Plaintiff seeks the following relief:

1. Declare and adjudge that Defendant's non-selection of Plaintiff to the GS-15 Position in December 2000 constituted unlawful discrimination based on Plaintiff's race and national origin in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.;

2. Declare and adjudge that Defendant's non-selection of Plaintiff to the GS-14 Position in December 2000 constituted unlawful discrimination based on Plaintiff's age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633(a), et seq.;

3. Declare and adjudge that Defendant's non-selection of Plaintiff to the GS-15 Position in July 2001 constituted unlawful

discrimination based on Plaintiff's race and national origin and reprisal for filing a prior discrimination complaint in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.;

4. Declare and adjudge that Plaintiff's removal from his duties and responsibilities as the Surface SRA Program Manager by Defendant constituted unlawful reprisal in violation of the Civil Rights Act of 1965, as amended 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633(a), et seq. As a result, Defendant should be ordered to reinstate Plaintiff to his position as Surface SRA Program Manager;

5. Order Defendant to place Plaintiff into the GS-15 Position with back pay, seniority, and benefits. Alternatively, order the Defendant to provide Plaintiff front pay and related benefits;

6. Order Defendant to place Plaintiff into the GS-14 Position with back pay and benefits. Alternatively, order the Defendant to provide Plaintiff front pay and related benefits;

7. Order that the Defendant pay the Plaintiff compensatory damages in an amount of not more than $ 300,000.00;

8. Order that the Defendant pay the Plaintiff's attorneys' fees and costs of litigation;

9. Grant the Plaintiff such other and further relief as this Court deems just and appropriate.

**G. Points of Law**

Plaintiff contends that Defendant's non-selection of Plaintiff to the GS-15 Position in December 2000 constituted unlawful discrimination based upon Plaintiff's race and national origin, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Similarly, Defendant's non-selection of Plaintiff for the position of Production Resources Manager in July 2001 constituted unlawful discrimination based upon Plaintiff's race and national origin, and unlawful reprisal for filing a prior discrimination complaint in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

In addition, Defendant's non-selection of Plaintiff to the GS-14 Position in December 2000 constituted unlawful discrimination against Plaintiff based on his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633(a), et seq.

Plaintiff further contends that Defendant unlawfully retaliated against him by removing his duties and responsibilities as the Surface SRA Program Manager for filing prior EEO complaints in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 633(a), et seq.

**H. Previous Motions**

Plaintiff filed a motion to compel discovery which was granted in part and denied in part.

To date, the parties have not filed any dispositive motions.

**I. Witnesses Likely to be Called**

**Non-expert Witnesses**

1. Ronald L. Obrey, Jr., c/o The Law Office of Clayton C. Ikei, 1440 Kapiolani Boulevard, Suite 1203, Honolulu, Hawaii 96814. Mr. Obrey is the Plaintiff in this action and is expected to testify as to the factual allegations in the pleadings and damages.

2. CAPT Daniel Reis, c/o PHNSY & IMF, Production Resources Officer, Code 900. CAPT Reis was the selecting officer in vacancy announcement no. 001NYI010648 ("GS-14 Position") and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the circumstances surrounding Plaintiff's non-selection to the subject position.

3. Tetsu Omaye, PHNSY & IMF, Nuclear Dept., Code 300N, Nuclear Production Manager, GS-1601-15. Mr. Omaye was a member of the recommending panel for the GS-14 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the circumstances surrounding Plaintiff's non-selection to the position.

4. Richard Rodrigues, PHNSY & IMF, Production Dept., Code 970, Shipyard Production Manager, GS-1601-14. Mr. Rodrigues was a member of the recommending panel for the GS-14 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the circumstances surrounding Plaintiff's non-selection for the position.

5. Dennis Fong, PHNSY & IMF, Welding Dept., Code 138, Supervisory Welding Technician, GS-0871-14. Mr. Fong was a member of the recommending panel for the GS-14 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the circumstances surrounding Plaintiff's non-selection for the position.

6. Richard Nishiyama, PHNSY & IMF, Design Dept., Code 250, Supervisory Naval Architect, GS-0871-14. Mr. Nishiyama was a member of the recommending panel for the GS-14 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the circumstances surrounding Plaintiff's non-selection for the position.

7. Colleen Martineau, c/o Commander, Navy Region Hawaii, Human Resources Office, Pearl Harbor, Hawaii. Ms. Martineau is a EEO Specialist, GS-0260-11, and was the EEO representative on the recommending panel (non-voting member) for the GS-14 Position and is expected to testify as to the factual allegations in the

pleadings including, but not limited to, the circumstances surrounding Plaintiff's non-selection for the position.

8. Thomas Blasque, PHNSY & IMF, Assistant Project Superintendent, Code 300, Backshift, GS-1601-13. Mr. Blasque is expected to testify as to the factual allegations in the pleadings including, but not limited to, his knowledge about Plaintiff's work performance. In addition, Mr. Blasque is expected to testify about his knowledge about the Agency's selection process and hiring practices as it pertains to senior civilian management positions. Moreover, Mr. Blasque is expected to testify about hearing CAPT Conners tell Agency managers during an Executive Manager's Brief that the Agency needed to "allow younger, less gray haired people" to start taking managerial positions and to have the "old timers" prepare to leave.

9. Freeman Correa, PHNSY & IMF, Apprentice Coordinator, GM-1601-15. Mr. Correa is expected to testify as to the factual allegations in the pleadings including, but not limited to, his knowledge about Plaintiff's work performance and experience. In addition, Mr. Correa is expected to testify as to his knowledge about the Agency's selection process and hiring practices as it pertains to senior civilian management positions.

10. Stanley Jensen, PHNSY & IMF, Production Department, Code 900Q, GS-1601-14. Mr. Jensen is expected to testify as to the factual allegations in the pleadings including, but not

limited to, his knowledge of Plaintiff's work performance and experience. Additionally, Mr. Jensen is expected to testify about the Agency's selection process and hiring practices as it pertains to senior civilian management positions.

11. Yvonne D. Pierce, PHNSY & IMF, Resource Department, Scheduling Department Supervisor, GS-7. Ms. Pierce is expected to testify as to the factual allegations in the pleadings including, but not limited to, her knowledge about Plaintiff's work performance and experience. In addition, Ms. Pierce is expected to testify as to the Agency's selection process and hiring practice as it pertains to senior civilian management positions.

12. Dwight Pang, PHNSY & IMF, Production Superintendent, Code 300NA, GS-1601-14. Mr. Pang is expected to testify as to the factual allegations in this matter including, but not limited to, his knowledge about Plaintiff's work performance and experience. In addition, Mr. Pang is expected to testify as to the Agency's selection process and hiring practices with regards to senior civilian management positions.

13. Michael Kawachi, PHNSY & IMF, Supervisor Nuclear Engineer, Code 2309, GS-14. Mr. Kawachi is expected to testify about the factual allegations in the pleadings including, but not limited to, his knowledge about Plaintiff's work experience and performance. In addition, Mr. Kawachi is expected to testify as

to the Agency's selection process and hiring practices with regards to senior civilian management positions.

14. CAPT Jeffrey Conners, c/o AMSEC, 3060 A Ualena Street, Honolulu, HI 96819. CAPT Conners is the former Commander of the Agency and is expected to testify about the factual allegations in the pleadings including, but not limited to, the circumstances surrounding the selection process for the Production Resources Manger, GS-1601-15, Code 900 position in vacancy announcement no. 01DENSY8876 ("GS-15 Position") which Plaintiff applied for. In addition, CAPT Conners is expected to testify about the Agency's selection process and hiring practices as it relates to senior civilian management level positions, including an e-mail he prepared on or about July 14, 2000 to Navy officials which stated in part, "[o]ur strategy in staffing senior civilian positions has been trying to 'broaden the gene pool'. . ."

15. RADM Dale E. Baugh, Fleet Maintenance Officer, Atlantic Fleet, 1562 Mitscner Avenue, Suite 250, Norfolk, VA 23551-2487. RADM Baugh is the former Deputy Commander, Naval Sea System Command ("NAVSEA"), 0-4, and is expected to testify about the factual allegations in the pleadings including, but not limited to, the Agency's selection process and hiring practices with regards to senior civilian management level positions. In addition, the RADM Baugh is expected to testify about his response to CAPT Conner's July 14, 2000 e-mail.

16. RADM William R. Klemm, NAVSEA, 1333 Isaac Hull Avenue, S.E., Washington Navy Yard, D.C. 20376. RADM Klemm is the former Maintenance Officer for the Commander in Chief, Pacific Fleet ("CINPACFLT") and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the Agency's selection process and hiring practices with regards to senior civilian management level positions. In addition, RADM Klemm is expected to testify about his response to CAPT Conner's July 14, 2000 e-mail.

17. VADM George P. Nanos, NAVSEA, 1333 Isaac Hull Avenue, S.E., Washington Navy Yard, D.C. 20376. VADM Nanos is the Commanding Officer of NAVSEA and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the Agency's selection process and hiring practices with regards to senior civilian management level positions. In addition, VADM Nanos is expected to testify about his response to CAPT Conner's July 14, 2000 e-mail.

18. Bill H. Ryzewic, Deputy Fleet Maintenance Officer, Pacific Fleet, 250 Makalapa Drive, Pearl Harbor, HI 96860-3131. Mr. Ryzewic is the former Senior Executive Service Officer for the Maintenance Officer, CINPACFLT and is expected to testify about the factual allegations in the pleadings including, but not limited to, the Agency's selection process and hiring practices with regards to senior civilian management level positions. In

addition, Mr. Ryzewic is expected to testify as to CINPACFLT's response to CAPT Conner's July 14, 2000 e-mail.

19. Ernest L. Chamberlin, Puget Sound Naval Shipyard, Code 109, Building 850-4, Bremerton, WA 98314. Mr. Chamberlin was initially selected by CAPT Conners for the GS-15 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, his application to the GS-15 position.

20. David J. Reilly, PHNSY, IMF. Mr. Reilly was selected by CAPT Conners for the GS-15 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, his application to the GS-15 Position.

21. George Kim, Jr., PHNSY, IMF. Mr. Kim was selected by CAPT Reis for the GS-14 Position and is expected to testify as to the factual allegations in the pleadings including, but not limited to, his application to the GS-14 Position.

22. Frank N.K. Pestana, 98-1077 Mahola Place, Aiea, HI 96701. Mr. Pestana is a former Assistant Project Superintendent, GS-1601-13 and is expected to testify as to the factual allegations in the Complaint including, but not limited to, the Agency's selection process and hiring practices with regards to senior civilian management positions.

23. George Tai See, 45-533 Puoni Place Kaneohe, HI 96744. Mr. Tai See is a former Supervisory General Engineer, GS-0801-14

and is expected to testify as to the factual allegations in the pleadings including, but not limited to, the Agency's selection process and hiring practices with regards to senior civilian management positions.

24. Robert Sonoda, 47-512 Ahuimanu Road, Kaneohe, HI 96744. Mr. Sonoda will be called to present testimony of Plaintiff's successful completion of projects assigned to him at Pearl Harbor Naval Shipyard.

25. Benjamin Toyama, 91-804 Haiamu Street, Ewa Beach, HI 96706. For the period of 1999 to 2000, Mr. Toyama was a member of the Position Management Board, Pearl Harbor Naval Shipyard. This Board reviewed all personnel actions requested by the Shipyard, including hires and promotions of shipyard personnel. Mr. Toyama will present e-mail and documentary evidence which will rebut the allegations that the Pearl Harbor Naval Shipyard managers were less effective when compared with their counterparts in the other shipyards, and that the performance of the Shipyard was deficient when compared with the performance of the other Navy shipyards. Further, Mr. Toyama will present documentary evidence to establish that workers and managers from Puget Sound Naval Shipyard were detailed to Pearl Harbor Naval Shipyard for the purpose of providing them training on naval shipyard projects.

26. Thomas Miguel, 95-881 Makaunulau Street, Mililani, HI 96789. Mr. Miguel will testify about the circumstances in which Pearl Harbor Naval Shipyard electrical workers were sent to Puget Sound Naval Shipyard to assist in the work of the Puget Sound Naval Shipyard.

27. John Priolo, 2417 Auhuhu Street, Pearl City, HI 96782. Mr. Priolo will testify about his knowledge of the hiring practices of the Pearl Harbor Naval Shipyard.

28. Tyson Livingston, 91-1098A Hamana Street, Ewa Beach, HI 96797. Mr. Livingston will present testimony relating to Plaintiff's qualifications and Plaintiff's successful completion of projects known as "Selected Restricted Availabilities."

29. Eric Baquiro, c/o The Law Office of Clayton C. Ikei, 1440 Kapiolani Boulevard, Suite 1203, Honolulu, Hawaii 96814. Telephone 533-3777. Mr. Baquiro is expected to testify that he is a Filipino-American male who was initially hired and trained by the Navy at Pugent Sound. From April 2004 to December 2005, Mr. Baquiro was promoted to the position the temporary Head of the Naval Architecture Division of the Engineering and Planning Department at the Shipyard. Mr. Baquiro applied for the permanent position of Head of the Naval Architecture Division of the Engineering and Planning Department at the Shipyard, but a Caucasian male was selected instead.

Plaintiff reserves the right to name additional witneses as their identifies becomes known through discovery and witnesses named by Defendant.

**Expert Witnesses**

1. James E. Dannemiller, SMS Research and Marketing Services Inc., 1042 Fort Street Mall, Suite 200, Honolulu, HI 96813. Mr. Dannemiller is Plaintiff's retained expert witness regarding a statistical analysis of the hiring data provided by the Pearl Harbor Naval Shipyard.

2. William A. Quigley, Ph.D., 970 N. Kalaheo Avenue, C-207, Kailua, HI 96734. Dr. Quigley is Plaintiff's treating psychologist and is expected to testify as to his treatment of the Plaintiff as a result of the work place discrimination which is the subject matter of this case.

**J. Exhibits, Schedules & Summaries**

Plaintiff intends to submit documents related to Plaintiff's employment with the Agency. In addition, documents related to Plaintiff's damages. Plaintiff will be forwarding his exhibit list per the Scheduling Order.

**K. Further Discovery or Motions**

Discovery cutoff was August 8, 2008. The parties stipulated to extend the discovery deadline to allow certain depositions take place.

**L. Stipulations**

Plaintiff does not have any stipulations to request or propose for pretrial or trial purposes at this time.

**M. Amendments, Dismissals**

Plaintiff does not have any request or proposal for amendments to pleadings or dismissal or parties, claims or defenses at this time.

**N. Settlement Discussions**

The parties held a settlement conference with the Court on August 30, 2007 without a resolution. Some subsequent settlement discussions had place, but no resolution was reached.

**O. Agreed Statements**

Presentation of the action in whole or in part, upon an agreed statement of facts is not feasible and agreeable.

**P. Bifurcation, Separate Trial of Issues**

Bifurcation or a separate trial of specific issues is not feasible and desired.

**Q. Reference to Master or Magistrate Judge**

Reference of all or part of the action to a magistrate judge is not feasible and desired.

**R. Appointment and Limitations of Experts**

Appointment by the Court of an impartial expert witness and whether limitation of the number of expert witnesses is not feasible and desired.

**S. Trial**

Trial is currently scheduled for October 15, 2008, Plaintiff made a timely demand for a jury trial which is on file.

**T. Estimate of Trial Time**

Plaintiff estimates that he will need five (5) trial days to present his case.

**U. Claims of Privilege or Work Product**

There are no matters otherwise required to be stated by this rule that is claimed to be covered by the work product or other privilege.

**V. Miscellaneous**

None.

DATED: Honolulu, Hawaii, August 26, 2008.

CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
RONALD L. OBREY, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD L. OBREY, JR., Plaintiff, v. GORDON R. ENGLAND, in his capacity as the Secretary of the Navy, Defendant. | CIVIL NO. 02-00033 LEK<br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the following individuals via hand delivery on August 26, 2008:

TO: EDWARD H. KUBO, JR.
United States Attorney, District of Hawaii
EDRIC M.K. CHING
THOMAS A. HELPER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-6100

Attorneys for Defendant
GORDON R. ENGLAND,
in his capacity as the
Secretary of the Navy

DATED: Honolulu, Hawaii, August 26, 2008.

CLAYTON C. IKEI
JERRY P.S. CHANG

Attorneys for Plaintiff
RONALD L. OBREY, JR.