IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| RONALD L. OBREY, JR., | ) | CIVIL NO. 02-00033 LEK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| GORDON R. ENGLAND, Secretary of the Navy, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE
RE: CLAIMS REMAINING FOR TRIAL**

Before the Court is Defendant Gordon R. England's ("Defendant")[1] Motion in Limine Re: Claims Remaining for Trial ("Motion"), filed on September 23, 2008.  Plaintiff Ronald L. Obrey, Jr. ("Plaintiff") filed his memorandum in opposition to the Motion on September 30, 2008.  This matter came on for hearing on October 10, 2008.  Appearing on behalf of Defendant were Edric Ching and Thomas Helper, Assistant United States Attorneys, and appearing on behalf of Plaintiff, who was also present, was Clayton Ikei, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed the initial complaint in this

---

[1] Defendant is named in his capacity as Secretary of the Navy.

employment discrimination action on January 14, 2002.  His Second Amended Complaint, filed November 6, 2002, alleged the following claims: Count One - Plaintiff was not selected for a Production Resources Manager position in December 2000 because of his race and national origin; Count Two - Plaintiff was not selected for a Production Superintendent position in July 2001 because of his age; Count Three - Plaintiff was not selected for a Production Resources Manager position in July 2001 because of his race and national origin and in retaliation for making a prior discrimination complaint; and Count Four - Defendant retailed against Plaintiff for making a discrimination complaint by abolishing his duties as the Surface Selected Restricted Availability Program Manager.

     The first trial in this matter commenced on August 4, 2003.  On August 6, 2003, the district judge approved the parties' stipulation to dismiss Count Two with prejudice.  Also on August 6, 2003, Defendant moved for a directed verdict.  The district judge granted Defendant's motion with regard to Count One, the retaliation claims in Count Three and Count Four.  The district judge reserved ruling on the discrimination claim in Count Three.  That claim went to the jury, which ultimately found for Defendant.  Judgment was entered on September 3, 2003.

     On appeal, Plaintiff argued that the district judge abused his discretion in excluding three types of evidence.  The

Ninth Circuit agreed and held that the errors were not harmless. See Obrey v. Johnson, 400 F.3d 691, 693 (9th Cir. 2005) ("Obrey I").  The Ninth Circuit reversed the judgment and remanded the case for further proceedings.  See id. at 702.  Plaintiff did not raise the district judge's directed verdict as a specific point of error on appeal and Obrey I did not discuss the directed verdict.

Prior to the second trial, Defendant filed a motion in limine to enforce the directed verdict based on the law of the case doctrine.  The district judge granted the motion.  The second trial began on June 6, 2005.  Only Plaintiff's Count Three discrimination claim was tried and submitted to the jury.  The jury found in favor of Defendant and judgment was entered on July 6, 2005.

On appeal, Plaintiff argued that the district judge made several erroneous evidentiary rulings and used an improper verdict form.  See Obrey v. England, No. 05-16473, 2006 WL 3825350, at *1 (9th Cir. Dec. 26, 2006) ("Obrey II").  Plaintiff, however, did not appeal the district judge's ruling on the law of the case motion in limine.  The Ninth Circuit held that the challenged evidentiary rulings were erroneous and were not harmless.  The Ninth Circuit reversed the judgment and remanded the case for further proceedings.  See id. at *2.

Defendant filed the instant Motion in preparation for

3

the third trial in this matter.  Defendant argues that this Court should exclude evidence relating to Count Two in light of the parties' stipulation.  Further, in light of the directed verdict in the first trial, Defendant also asks the Court to exclude evidence relating to Plaintiff's retaliation claims in Count Three and Count Four and to exclude reference to Plaintiff's December 2000 non-selection as a separate cause of action from Count Three.

In his memorandum in opposition to the Motion, Plaintiff stated that he will not raise his age discrimination claim at trial pursuant to the parties' stipulation.  [Mem. in Opp. at 8.]  Plaintiff, however, argues that this Court is not bound by the district judge's directed verdict in the first trial because only the Ninth Circuit's rulings in Obrey I and Obrey II constitute the law of the case.  Plaintiff contends that, in both appeals, the Ninth Circuit reversed the judgment and therefore the district judge's substantive rulings are not binding.

### DISCUSSION

#### I.   Stipulation

Plaintiff agrees that his age discrimination claim will not be at issue at trial pursuant to the parties' stipulation.  Defendant's Motion is therefore GRANTED as to Count Two.

#### II.  Directed Verdict

Defendant argues that Plaintiff waived his right to

appeal the directed verdict in the first trial because he did not raise it in his opening brief.  Plaintiff argues that, because he appealed from the entire judgment in the first trial, the directed verdict was also at issue.  Plaintiff also notes that the evidentiary rulings at issue in Obrey I clearly affected the directed verdict because the district judge's erroneous exclusion of evidence affected Plaintiff's ability to establish those claims.

Even if this Court accepts Plaintiff's argument that he implicitly appealed the directed verdict in Obrey I, Plaintiff did not appeal the district judge's ruling on the law of the case motion in limine.  Where an appellant fails to specifically raise an argument in his opening brief, the appellate court will not address it and the argument is waived.  See Officers for Justice v. Civil Serv. Comm'n of the City & County of Honolulu, 979 F.2d 721, 726 (9th Cir. 1992).  Thus, Plaintiff waived the argument that the district judge erred in ruling that the law of the case doctrine precluded him from litigating Count One, Count Four, and the retaliation claim in Count Three during the second trial.

Plaintiff emphasizes the Ninth Circuit's statement in Obrey II that: "While the district court on remand must follow our holdings here and in Obrey I, it should otherwise begin with a clean state and is not bound by the prior district court's evidentiary rulings."  2006 WL 3825350, at *2.  This Court,

however, interprets this statement to mean only that Plaintiff has a clean slate as to the issues presented to the jury in the second trial.  Nothing in <u>Obrey II</u> suggests that the court on remand was to return Plaintiff to the position he was in before the start of the first trial.

This Court therefore GRANTS the Motion as to Count One, Count Four, and the retaliation claim in Count Three.  The Court finds that the only issue to be presented to the jury is whether Defendant intentionally discriminated against Plaintiff on the basis of his race and national origin when it did not select him for the Production Resource Manager position in July 2001.

## **CONCLUSION**

On the basis of the foregoing, Defendant's Motion in Limine Re: Claims Remaining for Trial, filed September 23, 2008, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 14, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RONALD L. OBREY V. GORDON R. ENGLAND; CIVIL NO. 02-00033 LEK; ORDER GRANTING DEFENDANT'S MOTION IN LIMINE RE: CLAIMS REMAINING FOR TRIAL**